UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Respondent, | ) ) | Civil No. CV05-23-S-EJL<br>Criminal No. CR02-146-S-EJL |
| | ) | |
| vs. | ) | |
| | ) | |
| ROY VERNON WILLIAMS, | ) | **MEMORANDUM ORDER** |
| Defendant-Petitioner. | ) ) | |
| | ) | |

Pending before the Court in the above-entitled matter is Petitioner Roy Williams' 28 U.S.C. § 2255 motion (Docket No. 1). In February of 2005, the Court ordered the United States to respond to the § 2255. The United States' response was filed on June 9, 2005. As of July 31, 2005, Petitioner has not filed a reply to the United States' response.

Standard of Review

Pursuant to 28 U.S.C. § 2255, the Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." Furthermore, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1985); Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985). However, a district court may summarily dismiss a §2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief...." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Court. Thus in order to withstand summary dismissal of his motion for relief under §2255, Petitioner "must make specific factual allegations which, if true, would entitle him to relief on his claim." United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990). In the present case, the legal issues do not require an evidentiary hearing.

**MEMORANDUM ORDER - Page 1**
05Orders\WILLIAMS_2255

1

Factual Background

2   Petitioner alleges ineffective assistance of counsel.  Although Petitioner entered pleas to

3 Count 2 Possession with Intent to Distribute Methamphetamine and Count 3 Use of a Firearm in

4 Furtherance of a Drug Trafficking Offense, he claims he did not know he was going to be sentenced

5 to 5 years consecutive imprisonment on the gun charge and he was told by his attorney he would

6 only be sentenced to 5 years on the drug count and a two point enhancement due to the firearm.[1]

7 Petitioner alleges he asked his attorney to appeal the gun count and his attorney failed to do so even

8 though the attorney represented he would file a motion on Petitioner's behalf.  Petitioner claims he

9 has been trying to reach his counsel, but he can't find him and his phone calls were not returned.

10 Petitioner also challenges the drug quantity used for sentencing purposes arguing the

11 methamphetamine mixture was only about 50% pure methamphetamine.

12

13

Timeliness

14   In the Court's Order dated February 24, 2005 (Docket No. 4), the Court set forth the standard

15 for filing a timely motion.  The Petition was sentenced on March 20, 2003.  The Judgment was

16 entered by the Court Clerk on March 25, 2003.  No direct appeal was filed.

17   On April 24, 1996, the amendment to 28 U.S.C. § 2255 became effective.  The amendment

18 limited the time in which to file a §2255 motion to one year after the date the judgment of conviction

19 becomes final.  In the present case, the judgment of conviction became final when the Petitioner

20 failed to file a direct appeal within 10 days of the entry of judgment.  Accordingly, the Petitioner had

21 one year from May 9, 2003 to file his § 2255 motion.  The § 2255 motion was filed on January 27,

22 2005 over 1 ½ years after the statute of limitations.

23

---

24   [1]The Plea Agreement (Docket No. 67) indicates the maximum penalties for the
offenses were 10 years to life imprisonment on the drugs count and 5 years consecutive

25 imprisonment on the gun count.   It also appears from the minutes of the plea hearing that
Judge Boyle informed the Petitioner of the 5 year consecutive sentence associated with the

26 gun count.  Finally, the Plea Agreement contains a waiver of appeal rights except for
ineffective assistance of counsel claims based on facts discovered after the entry of the plea.

27

**MEMORANDUM ORDER - Page 2**

28 05Orders\WILLIAMS_2255

Section 2255 states in part:

A 1-year period of limitations shall apply to a motion under this section.  The limitation period shall run from the latest of --
    (1)    the date on which the judgment of conviction becomes final;
    (2)    the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Petitioner appears to be arguing he exercised due diligence and only recently discovered his attorney had not filed his direct appeal.  Equitable tolling of the statute of limitations is available only when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997), cert. denied, 118 S. Ct. 899 (91998). See also Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)(equitable tolling is appropriate only "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim").

The Court takes judicial notice that Petitioner's former counsel was suspended from the practice of law and since Petitioner was unable to communicate with his attorney regarding the status of his requested direct appeal, equitable tolling of the applicable statute of limitations should apply.  After waiting a reasonable amount of time for his attorney to process the appeal, Petitioner attempted to contact his attorney numerous times and only filed this motion when he could not reach his attorney.  Clearly, external forces related to his former attorney's lack of communication prevented Petitioner from timely filing his § 2255 motion and when it was discovered that no appeal had been filed, Petitioner exercised due diligence in seeking relief.  Accordingly, the Court finds the statute of limitations was equitably tolled under the facts of this particular case and the motion is deemed timely filed.

**MEMORANDUM ORDER - Page 3**
05Orders\WILLIAMS_2255

1                                        Analysis of Claims

2          1.  Ineffective Assistance of Counsel Claim.

3          Petitioner claims he asked his attorney to file an appeal and he failed to do so.  Petitioner also

4   claims he was unaware that his sentence on the firearm count would result in a 60 month consecutive

5   sentence of imprisonment as his attorney told him he would receive a different sentence.  The Court

6   finds it need not address the second claim for ineffective assistance of counsel as the first ground

7   for ineffective assistance of counsel has been established.[2]

8          A petitioner claiming ineffective assistance of counsel must allege specific facts which, if

9   proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally

10  competent assistance," *and* (2) "there is a reasonable probability that, but for counsel's

11  unprofessional errors, the result of the proceeding would have been different."  Strickland v.

12  Washington, 466 U.S. 668, 687-690 (1984).  Mere conclusory allegations do not prove that counsel

13  was ineffective.  See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989).  A petitioner fails

14  to state a claim for ineffective assistance if he fails to allege facts sufficient to meet *either* the

15  "performance" or "prejudice" standard, and the district court may summarily dismiss his claim.

16         As to the performance prong, counsel's refusal to comply with a defendant's specific

17  instructions to file an appeal constitutes ineffective assistance of counsel.  Rodriquez v. United

18  States, 395 U.S. 327 (1969)  This is true even if a defendant waived his right to file a direct appeal

19  in his plea agreement.  See United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005)

20  wherein the court held:

21             This proposition may amount to saying "it is ineffective assistance of counsel to
               refuse to file a notice of appeal when your client tells you to, even if doing so would
22             be contrary to the plea agreement and harmful to your client," but that is the law on
               filing a notice of appeal.

23

24             [2]However, the Court notes that Petitioner was informed during the plea hearing that
        the sentence on the firearm count was a mandatory 60 month consecutive sentence to any
25      sentence imposed on the possession with intent to distribute count.  Therefore, the Petitioner
        may have waived his right to appeal this issue as it was known prior to the entry of his plea
26      and his Plea Agreement only provided for ineffective assistance of counsel claims discovered
        after the entry of the pleas.
27

        **MEMORANDUM ORDER - Page 4**
28      05Orders\WILLIAMS_2255

1    Moreover, a defendant need not show his appeal is likely to have merit.  <u>United States v. Peguero</u>,

2    526 U.S. 23, 28 (1969).

3          "The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance

4    to file the appeal, not that he lost a favorable result that he would have obtained by appeal."

5    <u>Sandoval-Lopez</u> at 1197.

6          In the motion for relief, Petitioner states he directly instructed his attorney to file a direct

7    appeal and his attorney promised to file an appeal.  In its response to the § 2255 motion, the United

8    States does not contest Defendant's statement that he directed his counsel to file a direct appeal or

9    that Petitioner's counsel told Petitioner he would file an appeal.  Therefore, the Court finds it is

10   unnecessary to hold an evidentiary hearing regarding whether the Petitioner directed his attorney

11   to file an appeal.  "Prejudice exists because, but for the lawyer's refusal, [Petitioner] would have

12   appealed."  <u>Id.</u> at 1198.  Because the performance and prejudice prong have been satisfied, the Court

13   will grant relief on the ineffective assistance of counsel claim.  The Court will vacate and reenter

14   the Defendant's judgment in this matter and appoint new court-appointed counsel to file a notice of

15   appeal and to represent the Defendant for purposes of his direct appeal.

16

17         2. <u>Drug Quantity Claim</u>

18         Petitioner alleges the Court improperly calculated his drug quantity as the methamphetamine

19   in his possession was not 100% pure methamphetamine.  The Sentencing Guidelines allow the Court

20   to consider the **higher** of the amount of pure or actual methamphetamine versus the total amount

21   of methamphetamine mixture.  The Court reviewed the Presentence Investigation Report which

22   indicates the Court determined the base offense level would have been the same regardless of

23   whether the actual or mixture weight was used:

24         **Base Offense Level**: The guideline for violation of 21 § 841(a)(1) is found in § 2D1.1(a)(3).
           More than 500 grams of methamphetamine but less than 1.5 kilograms of methamphetamine
25         results in an offense level of 32, pursuant to § 2D1.1(c)(4).  Both defendants are responsible
           for 646.40 grams of methamphetamine.  Use of the actual methamphetamine would not have
26         changed the offense level computations.  The actual weight was 92.41 grams.  More than 50
           grams of actual methamphetamine but less than 150 grams of actual methamphetamine also

27

28   **MEMORANDUM ORDER - Page 5**
     05Orders\WILLIAMS_2255

1   results in an offense level of 32.  These calculations err on the side of caution and take into
2   account any relevant margin of error.  See paragraph nos. 27 and 28 of the presentence
    report.

3   Therefore, it appears this second ground for relief should be summarily dismissed by the
4   Court as it is without merit.

5   Order

6   Being fully advised in the premises, the Court hereby orders that Petitioner's § 2255 motion
7   (Docket No. 1) is GRANTED IN PART AND DENIED IN PART.  The Court will vacate the
8   judgment filed in United States v. Williams, Criminal case no. 02-146-E-EJL on 3/24/2003 (Docket
9   No. 96 which was entered on 3/25/2003) and will re-enter the exact same judgment.  Petitioner will
10  be appointed new court-appointed counsel to file a notice of appeal within ten (10) days of the entry
11  of the new judgment and to represent Petitioner in his direct appeal.  Petitioner's second claim for
12  relief is denied.



DATED:  **August 3, 2005**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - Page 6**
05Orders\WILLIAMS_2255